IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sabrena Paige, | ) | C/A No. 1:19-901-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Matthew Barnwell, Aiken | ) | |
| Department of Public Safety, and | ) | |
| City of Aiken, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Plaintiff's motion for appointment of counsel. [ECF No. 29]. For the following reasons, Plaintiff's motion is denied.

By way of background, on November 13, 2019, Plaintiff filed a *pro se* motion requesting "more time to obtain a lawyer" due to her counsel's wish to withdraw. [ECF No. 15]. A few hours later, Plaintiff's former counsel, Robert Phillips, Esq., moved to withdraw as counsel for Plaintiff. [ECF No. 16]. On November 14, 2019, the court denied both motions without prejudice and noted the motion to withdraw did not comply with Local Civ. Rule 83.I.07 (D.S.C.), which requires counsel to provide proof of notice when the withdrawal will leave the party unrepresented. [ECF No. 17].

On November 15, 2019, Mr. Phillips filed another motion to withdraw, noting that Plaintiff did not object to the motion, but nevertheless complying

with the requirements of the Local Civil Rules. [ECF No. 18]. Specifically, Mr. Phillips stated in the motion that he sent Plaintiff a copy of the motion by certified mail, and included an explanation advising that if Plaintiff wished to object to the motion she must object in writing within 17 days of the motion. *Id.*

On December 3, 2019, before the court issued an order on the motion to withdraw, Plaintiff attempted to file a large collection of unspecified documents with the court without a motion or other explanation of the purpose of the documents. [ECF No. 19]. The court directed the Clerk of Court to return the documents to Plaintiff by mail without filing. *Id.* The court noted that Plaintiff was still represented by Mr. Phillips and that any response or objection to his motion to withdraw was due by December 5, 2019. *Id.* The court advised Plaintiff that should Mr. Phillips's motion be granted, the court would expect the litigation to be conducted in accordance with the Federal Rules of Civil Procedure and the court was unable to provide her with legal advice. *Id.* Having received no objection to the motion to withdraw from Plaintiff, the court granted the motion on December 10, 2019. [ECF No. 21].

On January 27, 2020, Plaintiff filed a letter to the court that has been construed as a motion for appointment of counsel. In relevant part, the letter states:

> Please accept this letter as current status to the above mentioned case number. I have recently been informed by an attorney who I had retained over 3 years ago to represent me for this case. This case has been lingering for 3 years due to unknown circumstances and waiting for results of a deposition.
>
> It is my understanding that on or around December 10, 2019, my attorney filed a motion to be removed from the case and it was granted by the judge. I have been seeking counsel and unfortunately have been unable to retain.
>
> I am now seeking your assistance. Will you represent me or appoint someone? Seemingly there is not an attorney available in my area.

[ECF No. 29]. Therefore, after failing to object to the withdrawal of counsel she had retained, Plaintiff now seeks the court to appoint her counsel.

There is no right to appointed counsel in civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1);[1] *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in her motion has not shown any exceptional circumstances exist in this case. Rather, she simply states she has been unable to retain counsel.

---

[1] Currently, Plaintiff is not proceeding in forma pauperis under 28 U.S.C. § 1915(e)(1), but this status would not change the court's analysis.

After a review of the file, this court has determined there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 28, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge