IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sabrena Paige, | ) | C/A No. 1:19-cv-00901-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Matthew Barnwell; Aiken Department of Public Safety; and City of Aiken, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the July 8, 2020 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), recommending that this court grant Defendants' motion for sanctions and to dismiss Plaintiff Sabrena Paige's ("Plaintiff")[1] complaint pursuant to Fed. R. Civ. P. 37. For the reasons stated herein, this court adopts the Report in its entirety.

## BACKGROUND

Following the filing of Defendants' motion, Plaintiff was given several opportunities to respond to Defendants' motion but failed to submit a substantive response. [*See* ECF Nos. 36 (*Roseboro* Order, directing Plaintiff to respond by April 27, 2020 or risk dismissal of the case); 38, 39 (request for extension of time, which was granted in part, extending deadline to May 27, 2020); 41 (order directing Plaintiff to respond by June 17, 2020); 44 (text order acknowledging Plaintiff's failure to provide any substantive response).] Instead, Plaintiff filed what appeared to be discovery. [ECF No. 43.] As a result of Plaintiff's failure to respond to the motion and given

---

[1] Plaintiff is proceeding pro se. She was previously represented by counsel, but prior counsel's motion to withdraw was granted on December 10, 2019, ECF No. 21, and Plaintiff failed to thereafter obtain new counsel to represent her in this action.

1

her egregious conduct during and following discovery, the Magistrate Judge recommended granting Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37. [ECF No. 49.] Attached to the Report and Recommendation was a notice of right to file objections. *Id.*

Since the filing of the Report, Plaintiff filed two letters—both of which appear to be discovery. [ECF Nos. 51, 52.] Neither document contains any argument, response, or what could be construed as an objection to the Report.[2] For the same reason Plaintiff's discovery was previously returned to Plaintiff, this court is declining to consider ECF Nos. 51 and 52. Further, since neither document serves as an objection to the Report, the undersigned proceeds with consideration of the merits pursuant to a clear error standard of review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

---

[2] The Magistrate Judge previously notified Plaintiff that discovery is not filed with the court. [*See* ECF No. 46.]

Having reviewed the Report in accordance with the above standard, the undersigned finds no clear error, concludes that the analysis is thorough, reasoned, and a sound application of Fourth Circuit precedent, and adopts the Report in its entirety.

## CONCLUSION

In accordance with the foregoing, Defendants' motion to dismiss and for sanctions, ECF No. 35, is **GRANTED**, and this case is **DISMISSED** pursuant to Fed. R. Civ. P. 37.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 3, 2020
Florence, South Carolina