IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sabrena Paige, | ) | C/A No. 1:19-cv-00901-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Matthew Barnwell; Aiken Department of Public Safety; and City of Aiken, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the July 8, 2020 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), ECF No. 49, recommending that this court grant Defendants' motion for sanctions and to dismiss Plaintiff Sabrena Paige's ("Plaintiff")[1] complaint pursuant to Fed. R. Civ. P. 37. For the reasons stated herein, this court adopts the Report in its entirety.

## BACKGROUND

Following the filing of Defendants' motion, Plaintiff was given several opportunities to respond to Defendants' motion, but failed to submit a substantive response. [*See* ECF Nos. 36 (*Roseboro* Order, directing Plaintiff to respond by April 27, 2020 or risk dismissal of the case); 38, 39 (request for extension of time, which was granted in part, extending deadline to May 27, 2020); 41 (order directing Plaintiff to respond by June 17, 2020); 44 (text order acknowledging Plaintiff's failure to provide any substantive response).] Instead, Plaintiff filed what appeared to be discovery. [ECF No. 43.] As a result of Plaintiff's failure to respond to the motion and given

---

[1] Plaintiff is proceeding pro se. She was previously represented by counsel, but prior counsel's motion to withdraw as granted on December 10, 2019, ECF No. 21, and Plaintiff failed to thereafter obtain new counsel to represent her in this action.

1

her egregious conduct during and following discovery, the Magistrate Judge recommended granting Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37. [ECF No. 49.] Attached to the Report and Recommendation was a notice of right to file objections. *Id.*

After the filing of the Report, Plaintiff filed two letters—both of which appeared to be discovery. [ECF Nos. 51, 52.] Neither document contains any argument, response, or what could be construed as an objection to the Report.[2] For the same reason Plaintiff's discovery was previously returned to Plaintiff, this court declined to consider ECF Nos. 51 and 52. [ECF No. 55]. Since neither document served as an objection to the Report, the undersigned proceeded with consideration of the merits pursuant to a clear error standard of review. *Id.* After reviewing the Report, the undersigned found no clear error, concluded that the analysis was thorough, reasoned, and a sound application of Fourth Circuit precedent, and adopted the Report in its entirety. *Id.*

The court then vacated its order of dismissal to allow Plaintiff additional time to object to the Report. [ECF No. 58]. Plaintiff filed two letters with the court after the dismissal was vacated. [ECF Nos. 60, 62]. One is Plaintiff's timeline of events, the other is a submission of documents. *Id.* Neither filing can be considered a specific objection to the Report. *See Orpiano v. Johnson* 687 F.2d 44, 47 (4th Cir. 1982) (holding that a court need not conduct a *de novo* review when a party fails to direct the court to a specific error in the Magistrate Judge's Report). Accordingly, the undersigned will, once again, proceed to consider the merits pursuant to a clear error standard of review.

---

[2] The Magistrate Judge previously notified Plaintiff that discovery is not filed with the court. [*See* ECF No. 46.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Having reviewed the Report in accordance with the above standard, the undersigned finds no clear error, and concludes that the analysis is thorough, reasoned, and a sound application of Fourth Circuit precedent. The court adopts the Report in its entirety and incorporates the Report by reference herein.

### CONCLUSION

For all of the reasons stated in the Report, Defendants' motion to dismiss and for sanctions, ECF No. 35, is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37.

IT IS SO ORDERED.

January 21, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge